IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No. 16 cv 107

LANTERN BUSINESS CREDIT, LLC, a
Delaware limited liability company,

        Plaintiff,

  v.

ALIANZA TRINITY DEVELOPMENT
GROUP LLC, a Florida limited liability
company, ALIANZA TRINITY HOLDINGS
LLC, a Florida limited liability company,
BRIGHT'S CREEK GOLF CLUB, LLC, a
North Carolina limited liability company,
PASQUALE GIORDANO, and OMAR
BOTERO,

        Defendants.

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO
INTERVENE OF BRIAN MCMURRAY, PROPOSED INTERVENOR**

Pursuant to Local Rule 7.1(E), Plaintiff Lantern Business Credit, LLC ("Lantern") submits this Memorandum in Opposition to the Motion for Leave to Intervene (Doc. 44) filed by Brian McMurray.

**NATURE OF THE MATTER BEFORE THE COURT**

Brian McMurray ("Mr. McMurray") seeks leave to intervene in this case to assert claims arising out of a purported contract between McMurray and three of the defendants in this case: Alianza Trinity Holdings LLC ("Alianza Holdings"), Pasquale Giordano and Omar Botero. Mr. McMurray is not entitled to intervention as a matter of right under Federal Rule 24(a)(2), because (1) he has no interest in the subject matter of this action

and (2) resolution of Lantern's claims in this action will not impair his purported economic interest in Alianza Holdings. Finally, the Court should deny Mr. McMurray's request for permissive intervention under Federal Rule 24(b), as his proposed claims would raise collateral factual and legal issues to this case.

## STATEMENT OF FACTS

As noted by the Court in its Memorandum Decision and Order of July 8, 2016 (Doc. 43), Lantern alleges in this action that Alianza Trinity Development Group LLC and Bright's Creek Golf Club LLC (collectively, the "Debtors") are in default and breach of loan documents executed in conjunction with a loan Lantern made to them. Three other defendants—Alianza Holdings, Pasquale Giordano and Omar Botero (the "Guarantors")—were guarantors of the debt and other obligations of the Debtors. Lantern alleges a single claim against the Guarantors based on breach of the Guaranties.

Mr. McMurray's proposed complaint[1] does not assert any claims against the Debtors, nor does it allege any interest in the Debtors' property. Rather, his complaint asserts that the Guarantors gave him an economic interest in Alianza Holdings via a contract, and that Guarantors have breached that contract. If the Court allows him to intervene, Mr. McMurray's complaint would seek "an order requiring [the Guarantors] to specifically perform the terms of the contract by issuing the economic interest to McMurray and appoint an appraiser to determine the fair market value of McMurray's economic interest in Alianza [Holdings]." (Doc. 44-1 at ¶ 26).

---

[1] Mr. McMurray's proposed complaint is attached to the Motion for Leave to Intervene. (*See* Doc. 44-1).

2

# ARGUMENT

## I. MR. McMURRAY IS NOT ENTITLED TO INTERVENTION OF RIGHT.

Mr. McMurray seeks to intervene in this action as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, which provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2). To prevail on a motion to intervene as of right, a proposed intervenor must demonstrate that: "(1) [he] has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir.1986) (*quoting Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir.1981)). Mr. McMurray cannot meet either of the first two elements required under Rule 24(a)(2).

First, Mr. McMurray has no protectable interest in the property or transaction that is the subject matter of this action. *Donaldson v. United States*, 400 U.S. 517, 531 (1971) (Rule 24(a)(2) requires a "significantly protectable interest"). This action involves Lantern's claim for damages for the Debtors' breach of a loan agreement and other loan documents and the Guarantors breach of their guaranties. Mr. McMurray is not a party to the loan transaction and has no ownership interest in the collateral for the loans. Indeed,

3

Mr. McMurray has no interest in either of the Debtors or in their real and personal property. His only claim is against the Guarantors, which claim arises from a debt they allegedly owe him. An interest in enforcing or collecting an <u>unrelated</u> debt, however, is not an interest "relating to the property or transaction" that is the subject of this action. *See, e.g., Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc*., 425 F.3d 1308, 1311 (11th Cir. 2005) (no right to intervene in insurance coverage dispute to ensure adequate pool from which to satisfy potential judgment); *United States v. Alisal Water Corp*., 370 F.3d 915, 919-921 (9th Cir. 2004) (judgment creditor of defendant did not have sufficient interest to intervene in environmental case; "[t]o hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded."); *Houey v. Carolina First Bank*, 890 F. Supp. 2d 611, 612 (W.D.N.C. 2012) (intervention of right denied when applicant lacked an interest, economic or otherwise, in any cause of action asserted in the Complaint).

Second, Mr. McMurray's purported interest in Alianza Holdings will not be affected or impaired by this action. A sister district court has held:

> The question presented by [Rule] 24(a)(2)'s impairment prong requires a practical analysis, rather than a legal one. Wright & Miller *supra,* at § 1908.2. The impairment prong is satisfied where: (1) disposition of the action would put the movant at a "practical disadvantage" in protecting its interest, or (2) the *stare decisis* effect of a judgment would legally preclude the would-be intervenor from protecting his interest. *Francis v. Chamber of Commerce of U.S.*, 481 F.2d 192, 195 n. 8 (4th Cir.1973) (*stare decisis* is sufficient to satisfy impairment prong); Wright & Miller supra, at § 1908.2. The practical disadvantage of filing a separate suit and perhaps duplicating efforts is not sufficient to satisfy the impairment prong. *Francis*, 481 F.2d at 196 (finding impairment prong not met despite would-be intervenor's argument that filing a new action would be difficult to initiate).

*Ohio Valley Environ. Coalition, Inc. v. McCarthy*, 313 F.R.D. 10, 26 (S.D. W.Va. 2015).

4

Resolution of Lantern's breach of contract claim against the Guarantors will not impact or preclude Mr. McMurray's claim to an economic interest in Alianza Holdings in any way. Similarly, whether Pasquale Giordano or Omar Botero are indebted to Mr. McMurray for failing to value or convey an economic interest in Alianza Holdings, will not be affected by the outcome of this case because the outcome of this case, if successful, will be a judgment for money damages against Alianza Holdings for any sums not repaid by the Debtors directly or through the sale of collateral they have pledged to secure Lantern's loan to the Debtors. Simply put, this case will not impair Mr. McMurray's pursuit of a breach of contract claim against the Guarantors because the allegations in his proposed Complaint would simply lead to a judgment for money damages against the Guarantors and/or an order requiring the Guarantors to convey a membership interest in Alianza Holdings (or equivalent) to Mr. McMurray. Moreover, nothing about the resolution of this case will have a preclusive effect on Mr. McMurray. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (an applicant has a significantly protectable interest in an action if he "stand[s] to gain or lose by the direct legal operation" of a judgment in the action).

Finally, Mr. McMurray's Motion incorrect alleges: "Upon information and belief, a triggering event, the sale of the assets of Alianza, which required Alianza to pay McMurray for his economic interest in Alianza is forthcoming within the next thirty days." (Doc. 44 at 1). This allegation confuses Alianza Trinity Development Group, LLC with Alianza Holdings. Alianza Trinity Development Group, LLC owns real property subject to a Deed of Trust and other loan documents with Lantern, not Alianza

5

Holdings. Lantern is not aware of any sale of the assets of <u>Alianza Holdings</u>, which is the purported "triggering event" under the letter agreement upon which Mr. McMurray relies. (*See* Doc. 44, Ex. 3 ¶ 1 (indicating that the economic interest would be paid upon a sale of assets in Alianza Holdings)). And, although Defendants presented papers in previous filings with the court indicating that Legacy BC, LLC would purchase the assets of Alianza Trinity Development LLC and Bright's Creek Golf Club LLC, (*see* Doc. 21), that transaction never matured.

Because Mr. McMurray cannot establish intervention of right, his motion for leave to intervene under Rule 24(a)(2) should be denied.

## II. THE COURT SHOULD DENY MR. McMURRAY'S REQUEST FOR PERMISSIVE INTERVENTION.

Mr. McMurray also seeks permissive intervention under Federal Rule 24(b). A court may permit anyone who "has a claim or defense that shares with the main action a common question of law or fact" to intervene on timely motion. Fed.R.Civ.P. 24(b)(1)(B). Mr. McMurray's proposed claim against the Guarantors lacks any common question of law or fact with Lantern's claims. Conversely, Mr. McMurray's proposed claim would only add unrelated factual and legal issues to the case, such as: (1) whether an enforceable contract between Mr. McMurray and the Guarantors exists that provides Mr. McMurray an economic interest in Alianza Holdings; (2) if so, what is that economic interest; (3) whether a "triggering event" has occurred that requires Mr. McMurray and

the Guarantors to value the economic interest; and (4) how should that economic interest be valued under the purported contract?

None of these issues are currently before the Court in this case. Thus, allowing Mr. McMurray to intervene would only complicate a resolution of this case without accruing any benefit to the existing parties. *Stuart v. Huff*, 706 F.3d 345, 353 (4th Cir. 2013) (affirming denial of permissive intervention for lack of commonality of issues and potential complication of case); *National Union Fire Ins. Co. of Pittsburgh v. Reichhold, Inc.*, No. 1:06CV939, 2008 WL 90186 at *4 (M.D.N.C. Jan. 8, 2008) (denying permissive intervention when the additional parties would unnecessarily introduce collateral issues, complicate discovery and cause delay). Under these circumstances, the Court should deny Mr. McMurray's request for permissive intervention.

## **CONCLUSION**

Mr. McMurray has failed to establish a right to intervene under Rule 24(a)(2) or that permissive intervention is appropriate under Rule 24(b)(1)(B). Accordingly, for the reasons discussed herein, Lantern respectfully requests that the Court deny Brian McMurray's Motion for Leave to Intervene in this action.

This the 15th day of August, 2016.

        /s/Neale T. Johnson
        Neale T. Johnson
        N.C. State Bar No. 25590
        neale.johnson@smithmoorelaw.com

        /s/Manning A. Connors
        Manning A. Connors
        N.C. State Bar No. 21990
        manning.connors@smithmoorelaw.com

        *Attorneys for Plaintiff Lantern Business Credit, LLC*

OF COUNSEL:

SMITH MOORE LEATHERWOOD LLP
Post Office Box 21927
Greensboro, NC  27420
Telephone:   (336) 378-5319
Facsimile:   (336) 433-7442

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No. 16 cv 107

| | |
|---|---|
| LANTERN BUSINESS CREDIT, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>ALIANZA TRINITY DEVELOPMENT GROUP LLC., a Florida limited liability company, ALIANZA TRINITY HOLDINGS LLC, a Florida limited liability company, BRIGHT'S CREEK GOLF CLUB, LLC, a North Carolina limited liability company, PASQUALE GIORDANO, and OMAR BOTERO,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

    I hereby certify that on August 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record.

                                                  */s/ Neale T. Johnson*
                                                  Neale T. Johnson