IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv107

| | |
|---|---|
| LANTERN BUSINESS CREDIT, LLC, ) ) Plaintiff, ) ) v. ) ) ALIANZA TRINITY DEVELOPMENT ) GROUP, LLC, et al., ) ) Defendants. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

Pending before the Court is the Motion to Intervene [# 44]. Upon a review of the record, the parties' pleadings, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the motion [# 44].

**I.     Background**

Bright's Creek is a residential subdivision and sports and recreation resort in North Carolina. (Pls.' Compl. ¶ 11, ECF No. 1.) Defendant Alianza Trinity Development Group LLC ("Alianza Development") is the owner of record of a number of residential units, land, and an unfinished condominium building in Bright's Creek, as well as other tangible property. (Id. ¶ 12.) Defendant Bright's Creek Golf Club, LLC ("Bright's Creek Golf Club") owns various assets

-1-

associated with the operation and maintenance of the golf club and related facilities at Bright's Creek.  (Id. ¶ 13.)  Defendant Alianza Trinity Holdings, LLC ("Alianza Holdings") is a holding company that owns Defendant Alianza Development.  (Giordano Aff. ¶ 4, May 23, 2016.)

Effective July 10, 2015, Plaintiff refinanced Defendant Alianza Development's existing debt for Bright's Creek.  (Id. ¶ 14.)  The parties executed a number of loan documents as part of the refinancing.  (Id. ¶¶ 21-28.)   The parties subsequently amended some of the loan agreements.  (Id. ¶¶ 52, 57, 62.)

Plaintiff contends that Defendants have defaulted on the loan agreements and breached the terms of the loan documents, and, thus, brought this action against Defendants.  (Id.  ¶¶ 81-98.)  Subsequently, the District Court entered an Order appointing a receiver, Marc Rudow, Esq., for Defendant Alianza Development and Bright's Creek Golf Club.  (Order Granting Mot. Appointment Receiver, July 8, 2016, ECF No. 43.)   The District Court noted in its Order a potential sale of Bright's Creek to Legacy BC, LLC ("Legacy").  (Id.)  Defendant Botero also swore in his affidavit that Defendant's Bright's Creek, Alianza Development, and Alianza Holdings were under contract to sell the majority of their assets to Legacy.  (Botero Aff. ¶¶ 2, 5, May 23, 2016.)

Subsequently, Brian McMurray moved to intervene in this dispute.

McMurray contends that he loaned Alianza Holdings $250,000.00 and Defendants Giordano and Botero provided personal guaranties for this loan. (Compl. Intervenor ¶¶ 8-9, ECF No. 44-1.) The terms of the loan provided that Defendants Giordano and Botero would provide McMurray with a specified ownership stake in Alianza Holdings if the loan was not paid on time. (Id. ¶ 11.) After Alianza Holdings defaulted to the loan, McMurray entered into a Memorandum of Understanding whereby the Defendants recognized McMurray's 15% stake in Defendant Alianza Holdings. (Id. ¶¶ 13-14.) McMurray contends that the ownership stake in Alianza Holdings subsequently increased to 22%. (Id. ¶ 14.)

The Complaint of Intervenor McMurray also alleges that the following triggering events require Defendants to pay McMurray for the value of his stake in Alianza Holdings:

> the earliest of the following dates: (1) when additional equity is raised for Alianza; (2) when all or substantially all of the assets or ownership interest in Alianza are sold assigned or transferred; (3) the date that Alianza closes on its option to purchase real property in Polk County, North Carolina; (4) the date that Alianza sells all or materially all of its assets or stock in a manner that would materially change the ownership of Alianza, or; (5) March 2, 2018.

(Id. ¶ 16.) Upon notice of a triggering event, the parties to the Memorandum of Understanding shall either agree on a fair market value for McMurray's interest in Alianza Holdings or appoint an independent appraiser to provide an appraisal. (Id.

¶ 17.)

McMurray contends that a triggering event either occurred or will occur around July 29, 2016. (Id. ¶ 18.) Thus, McMurray contends that he is entitled to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure. McMurray also filed an Intervenor Complaint in which he asserts breach of contract claims against Defendants Alianza Trinity Holdings, LLC, Giordano, and Botero. The District Court referred the Motion to Intervene to this Court. Accordingly, the Motion to Intervene is now before the Court for a Memorandum and Recommendation to the District Court.

## II. Legal Analysis

Rule 24 of the Federal Rules of Civil Procedure sets forth two mechanisms for an individual to intervene in a case – intervention of right and permissive intervention. An individual is entitled to intervene as of right where he or she is given an unconditional right to intervene by a federal statute or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Pursuant to the doctrine of permissive intervention, the Court may allow an individual to intervene if the individual is

provided a conditional right to intervene by a federal statute or the individual "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). McMurray moves to intervene on both grounds.

### A. Intervention of Right

The United States Court of Appeals for the Fourth Circuit has set forth several factors for courts to consider in determining whether an individual is entitled to intervention as a matter of right. See Stuart v. Huff, 706 F.3d 345, 349 (4th Cir. 2013). In order to intervene as of right the movant must demonstrate: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." Teague v. Bakker, 931 F.2d 259, 260-61 (4th Cir. 1991); see also Merritt Commercial Sav. & Loan, Inc. v. Guinee, 766 F.2d 850, 853 (4th Cir. 1985); Rutherford Cty. v. Bond Safeguard Ins. Co., Civil No. 1:09cv292, 2010 WL 2231780, at *2 (W.D.N.C. Jun. 1, 2010) (Reidinger, J.).

Rule 24 does not specify what type of interest a proposed intervenor must have in order to intervene as a matter of right. See Fed. R. Civ. P. 24(a)(2). The Fourth Circuit and the Supreme Court, however, have both recognized that a proposed intervenor must have a significant protectable interest. Teague, 931 F.2d

-5-

at 261.  McMurray contends that he has a significant protectable interest in the subject matter of this litigation because he is a minority owner of Defendant Alianza Holdings. The subject matter of this litigation, however, is not Aliana Holdings, but, rather, a series of contracts entered into by Defendants with Plaintiff, as well as the collateral provided as part of these contracts.  McMurray's alleged economic interest in Alianza Holdings as a minority owner of the company is not the type of specific interest in the subject matter of the litigation that would allow McMurray to intervene as of right in this dispute.   To hold otherwise would allow any minority owner of a corporate entity to intervene as of right in a contractual dispute involving the corporation and a third party based on that economic interest as a minority owner.   As the Fourth Circuit explained in Gould v. Alleco, Inc., 883 F.2d 281, 285 (4th Cir. 1989):

> In a sense, every company's stockholders, bondholders, directors, and employees have a stake in the outcome of any litigation involving the company, but this alone is insufficient to imbue them with the degree of "interest" required for Rule 24(a) intervention.

Here, it is undisputed that McMurray is not a party to the contracts at issue in this dispute.  See generally Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc., 425 F.3d 1308, 1311 (11th Cir. 2005) ("In this case, Rigaud's interest in the subject matter of the declaratory action is purely economic.  Rigaud is not a party to the Mt. Hawley insurance policy and has no legally protectable interest in that insurance

policy."). McMurray's only interest is the economic interest he has as an alleged minority owner of one of the corporate defendants Plaintiff has sued, and the Court finds that this interest is not sufficient to satisfy the requirements of Rule 24(a).

Moreover, resolution of Plaintiff's claims in this case will not preclude McMurray from bringing a breach of contract action against Defendants Botero and Giordano and obtaining monetary damages against those Defendants if they did in fact breach any agreement they entered into with McMurray. Resolution of this case will not preclude McMurray from exercising his rights as a creditor of Defendants Botero and Giordano or as a minority owner of Defendant Alianza Holdings. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Intervene as of right.

### B. Permissive Intervention

In deciding whether to allow permissive intervention, the Court must consider whether allowing the movants to intervene in this this case will unduly delay the adjudication of this dispute. Fed. R. Civ. P. 24(b)(3). The Court finds that allowing the Movant to intervene in this case at this time would needlessly prolong and complicate this litigation, including discovery, and delay the final resolution of the case. Bringing McMurray into this lawsuit would needlessly complicate the litigation by requiring the parties to also litigate the issue of

whether McMurray is entitled to a minority stake in Alianza Holding, the scope of that stake, and various contractual issues between McMurray and Botero and Giordano related to whether a triggering event has occurred. The Court finds that these issues are better left to a separate action, and that allowing McMurray to intervene in this case would not promote the efficient and speedy resolution of this dispute. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Intervene to the extent McMurray seeks permissive intervention.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion to Intervene [# 44].

Signed: October 8, 2016

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).